UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
MARIE LYNCH,

       Plaintiff,

   -against-                              **MEMORANDUM AND ORDER**
                                                          13-CV-04499 (FB) (VVP)

NEW YORK CITY BOARD OF
ELECTIONS, FREDERIC M. UMANE,
GREGORY C. SUMA, JOSE MIGUEL
ARAUJO, NAOMI BARRERA, JULIE
DENT, MARIA R. GUASTELLA,
MICHAEL MICHEL, MICHAEL A.
RENDIDO, SIMON SHAMON, and JOHN
PETER SIPP,

       Defendants.
------------------------------------------------------x

*Appearances*
*For the Plaintiffs:*                               *For the Defendants:*
JARED M. LEFKOWITZ, ESQ.              ADAM E. COLLYER, ESQ.
Law Offices of Jared M. Lefkowitz        New York City Law Dept.
250 Park Avenue, Suite 2020               Office of the Corporation Counsel
New York, NY 10177                             100 Church Street, Room 2-318
                                                         New York, NY 10007

**BLOCK, Senior District Judge:**

1        Marie Lynch ("Lynch") brings this 42 U.S.C. § 1983 action against the New

2        York City Board of Elections ("BOE"), and individual defendants Frederic M.

3        Umane, Gregory C. Sumas, Jose Miguel Araujo, Naomi Barrera, Julie Dent, Maria R.

4        Guastella, Michael Michel, Michael A. Rendido, Simon Shamon, and John Peter Sipp.

Lynch alleges that the defendants violated her First Amendment rights by terminating her in retaliation for expressing support for a rival party member. Defendants move to dismiss her claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the motion is denied.

# I

Lynch joined the BOE in 2007 as Director of Equipment at the Queens, New York office. In April 2012, she was appointed Deputy Chief Clerk, the office's second highest ranking employee. Her duties included verifying forms, managing staff, and securing equipment and supplies for Election Day.

On April 20, 2013, Lynch signed a petition in support of Republican Party member Phil Ragusa. Days later, defendant Commissioner Michael Michel ("Michel") informed Lynch that this would upset his Democratic party allies. He later told her that her job was in jeopardy, but that he was trying to "work something out." On May 31, 2013, Michel offered Lynch other positions, but she rejected them as demotions because they came with less responsibility, a lower-ranking job title, and a salary cut.

On June 4, 2014, after a unanimous vote by the Commissioners, the BOE terminated her employment.

**II**

The Court may grant the motion only if it finds that, after accepting all facts in her Amended Complaint as true and construing all reasonable inferences in her favor, Lynch fails to state a claim for which she is entitled to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 648 (2009); *Phelps v. Kapnolas,* 308 F.3d 18, 184 (2d Cir. 2002). For a §1983 claim based on a First Amendment violation, a government employee plaintiff must allege that her employer denied her a benefit on a basis that infringes upon a constitutionally protected right. *Elrod v. Burns*, 427 U.S. 347, 359 (1976).

Lynch's allegations meet the standard. She alleges that her employer terminated her employment—which is a clear denial of a benefit—because she expressed support for a rival party member.

*1. Policymaker Exception*

Rather than contest that she has stated a valid claim, defendants focus on Lynch's status as Deputy Chief Clerk, and argue that she is a "policymaker" and therefore falls into an exception to the rule that political expression by government employees is protected by the First Amendment. *Branti v. Finkel,* 445 U.S. 507, 518 (1980); *Camacho v. Brandon,* 317 F.3d 153, 161 (2d Cir. 2003). A policy-making position is found where the position calls for party loyalty and "there is a rational connection between shared ideology and job performance." *Camacho*, 317 F.3d at

161.  There are eight factors that courts should consider when determining whether a position is that of a policymaker. *Vezzetti v. Pellegrini*, 22 F.3d 483, 486 (2d Cir. 1994).[1]

Applying *Venzzetti,* the Court cannot determine on the pleadings whether Lynch was a policymaker.  On one hand, Lynch's Deputy Chief Clerk role included some responsibilities that do not rise to the policymaker level: her public duties were primarily administrative, she answered to appointed rather than elected BOE Commissioners, and any decision involving policy was subject to their approval. *See* Am. Compl. ¶¶ 11, 13.  But other aspects of her job support the opposite conclusion: she managed staff, answered to partisan politicians, and managed voter registration, which typically necessitates technical expertise.  *Id.* at ¶ 13.

The defendants rely on *Millus v. D'Angelo*, 224 F.3d 137, 138 (2d Cir. 2000), in which an Election Day Operations Coordinator was held to be a policymaker subject to termination for his loyalty to a competing party faction.  But *Millus* was decided on summary judgment after detailed discovery revealed that the plaintiff exhibited "persistent loyalty" to a defeated candidate. *See id.*  Here, Lynch's political

---

[1] "These factors include whether the employee (1) is exempt from civil service protection, (2) has some technical competence or expertise, (3) controls others, (4) is authorized to speak in the name of policymakers, (5) is perceived as a policymaker by the public, (6) influences government programs, (7) has contact with elected officials, and (8) is responsible to partisan politics and political leaders."

4

loyalty is attributed to—and her termination based on—a single incident of signing a petition. Construing the allegations in the Amended Complaint in the light most favorable to Lynch, *see Iqbal,* 556 U.S. at 648, the Court cannot conclude that she was a policymaker.

*2. Qualified Immunity*

Government officials may have qualified immunity from civil liability if "(1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights." *Kerman v. City of New York*, 374 F.3d 93, 108 (2d Cir. 2004). Defendants argue that their actions were objectively reasonable and meet the second option under *Kerman*, but they have supplied little more than conclusory legal assertions that they are immune.

*3. Monell Claim*

Defendants argue that plaintiff has failed to allege that the BOE acted pursuant to an official custom or policy, and therefore she fails to state a *Monell* claim. *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 (1978). An official custom or policy may, however, take the form of a "policy statement, ordinance, regulation, or <u>decision officially adopted and promulgated by that body's officers</u>." *Id.* (emphasis added). To base a claim on a decision representing official

policy, that decision must be made by officials with "final policymaking authority." *Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000).

Lynch alleges that the BOE Commissioners had, and exercised, final policymaking authority by terminating her employment through a unanimous vote. Am. Compl. ¶ 24. Because this unanimous decision is one that was clearly "officially adopted and promulgated" by the BOE Commissioners, her *Monell* claim survives the motion to dismiss. *Monell,* 436 U.S. at 690.

## III

For the foregoing reasons, defendants' motion to dismiss is denied.

**SO ORDERED**

  **/S/ Frederic Block**
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 30, 2014