UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
MARIE LYNCH,

                Plaintiff,

  -against-

NEW YORK CITY BOARD OF
ELECTIONS, FREDERIC M. UMANE,
GREGORY C. SOUMAS, JOSE MIGUEL
ARAUJO, NAOMI BARRERA, JULIE
DENT, MARIA A. GUASTELLA,
MICHAEL MICHEL, MICHAEL A.
RENDINO, SIMON SHAMOUN, JOHN
PETER SIPP,

                Defendants.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 13-CV-4499 (FB) (VVP)

*Appearances:*
*For the Plaintiff:*
JARED M. LEFTKOWITZ, ESQ.
Law Offices of Jared M. Leftkowitz
250 Park Avenue
Suite 2020
New York, NY 10177

*For the Defendants:*
BENJAMIN E. STOCKTON, ESQ.
ADAM E. COLLYER, ESQ.
New York City Law Department
Office of Corporation Counsel
100 Church Street
New York, NY 10007

**BLOCK, Senior District Judge:**

      On October 23, 2014, the Court held oral argument on Plaintiff and Defendants' motions for summary judgment. For the reasons stated on the record in open court, Plaintiff's motion is denied and Defendants' motion is granted in part and denied in part.

      Material issues of fact preclude summary judgment on liability. The parties

dispute: (1) the reason Plaintiff was fired; (2) the extent to which Plaintiff was responsible for communicating Board of Elections ("BOE") policies to the public; (3) the degree to which Plaintiff interfaced with voters at the Queens BOE Office; (4) whether Michel relied on Plaintiff's advice on matters that were put before the BOE Commissioners for a vote; (5) the scope of Plaintiff's contact with elected officials; and (6) whether political affiliation and party loyalty are relevant to the position of Deputy Chief Clerk.

At oral argument, Plaintiff contended that summary judgment on liability is proper because Defendants admit Plaintiff was not a policymaker. Plaintiff cites the following excerpts from Michel's deposition testimony to support this argument:

> Q: Is the Deputy Chief Clerk responsible for making policy decisions on behalf of the Board of Elections?
>
> A: No.

Michel Dep. 44:19-22. This argument is unavailing. The Court will decide if Plaintiff was a policymaker as a matter of law. *See Almonte v. City of Long Beach*, 478 F.3d 100, 110 (2d Cir. 2007) ("[W]hether an employee's position falls within the . . . policymaker exception is a question of law for the court."). However, a jury must resolve the foregoing material issues of fact before the Court can make this legal determination. *Id.* (noting that the legal determination of an employee's policymaking status "cannot be made without . . . factual inquiry"). The fact that Plaintiff did not

2

make policy decisions is only one factor for the Court to consider. Accordingly, Plaintiff's motion is denied.

Nevertheless, Michel is entitled to qualified immunity with respect to the claim against him in his individual capacity. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (noting that qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"). As discussed during oral argument, officers of reasonable competence could disagree on whether Plaintiff was a policymaker. *See Danahy v. Buscaglia*, 134 F.3d 1185, 1190 (2d Cir. 1998) ("[A] government official's actions will be considered objectively reasonable if officers of reasonable competence could disagree on the legality of the defendant's actions."). As such, Michel is entitled to qualified immunity because it was objectively reasonable for him to believe Plaintiff was a policymaker.

Defendants inadvertently forgot to argue that the other Commissioners are entitled to qualified immunity in their motion papers. At oral argument, it was established and conceded that the other Commissioners are materially similarly situated to Michel. Accordingly, the Court will construe Defendants' motion as arguing that all Commissioners are entitled to qualified immunity and dismiss them on that ground. Even without Plaintiff's concession, the Court would *sua sponte* dismiss the other

Commissioners because Plaintiff had notice of Defendants' qualified immunity argument. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (holding that a district court may *sua sponte* grant summary judgment "so long as the losing party was on notice that she had to come forward with all of her evidence").

At oral argument, defense counsel asserted that if the individual Commissioners are entitled to qualified immunity then the BOE must also be dismissed. The Court disagrees. The BOE is not entitled to qualified immunity. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordinate Unit*, 507 U.S. 163, 166 (1993) ("[U]nlike various government officials, municipalities do not enjoy immunity from suit – either absolute or qualified – under § 1983."). Moreover, it remains to be seen whether Plaintiff suffered an actionable constitutional injury. *See Askins v. Doe 1*, 727 F.3d 248, 254 (2d Cir. 2013) ("[T]he entitlement of the individual municipal actors to qualified immunity because at the time of their actions there was no clear law or precedent warning them that their conduct would violate federal law is [] irrelevant to the liability of the municipality."). Accordingly, Plaintiff's case shall proceed against the BOE.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 28, 2014